ISAAC FLUELLEN V. THE STATE.

No. 23311. Delivered April 10, 1946.
Rehearing Denied May 29, 1946.

The opinion states the case.

*Crawford & Keith,* of Hempstead (*Walter T. Keith,* of Hempstead, of counsel), for appellant.

*James M. Crane,* District Attorney, of Conroe, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of attempting to pass a forged check, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

It appears from the record that appellant, with the consent of the District Attorney and the approval of the court, waived

a jury and entered a plea of guilty. The State introduced evidence which established the appellant's guilt beyond a reasonable doubt. In addition to the evidence introduced by the State, the appellant, who testified in his own behalf, stated:

"I am twenty-two years old. I went as far as the seventh grade in school. I did this thing that I am charged with—passing or undertaking to pass this check. * * * I pleaded guilty to the charge. I have never been in any kind of trouble before. I have never been arrested before and therefore I would not have been sent to the penitentiary."

There are no bills of exception in the record. However, in his motion for a new trial he urges four grounds upon which he contends that he was entitled to a new trial, the first of which is that the trial court suggested that an application for a suspended sentence be filed, whereby he was led to believe that the court would favorably entertain such a plea; that thereupon he filed the application as suggested by the court; that as a result of the court's suggestion he went to trial without witnesses as to his good reputation as a peaceable, law-abiding citizen. His second ground is that the Sheriff of Waller County, who testified to the appellant's good reputation as a law-abiding citizen, on cross-examination by the District Attorney, testified that he would not recommend a suspension of sentence, to which no objection was interposed. As his third ground, appellant alleges that since the trial, testimony material to the defendant has been discovered in this, that he has learned from his brother that he (appellant) is weak-minded. As his fourth ground, he claims that the evidence is insufficient to sustain the conviction.

A motion based on newly discovered evidence must be sworn to by the appellant. See Branch's Ann. Tex. P. C., p. 125, sec. 193, also Vernon's Ann. Tex. C. C. P., Vol. 3, (Art. 756), p. 63 note 11, and 1945 Cumulative Annual Pocket Part, p. 33, note 11, and cases there cited. In the instant case, the motion is not sworn to, nor was there any evidence offered by appellant in support of the allegations contained therein. Consequently, nothing but the insufficiency of the evidence may be considered by us. It is our conclusion that the evidence is ample to sustain the conviction.

We have examined the record very carefully and reached the conclusion that no reversible error appears therefrom.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's attorney ingeniously argues in support of this motion that his lack of knowledge and experience in the trial of criminal cases is the cause of appellant's failure to receive a suspended sentence herein, and that his failure to follow the rules laid down in a long line of this court's decisions should not militate against this ignorant appellant in his trial herein.

It is noted that this attorney was appointed by the court to advise with and represent this negro relative to his plea of guilty and for a suspended sentence, as is provided by law. There could be no question as to the matter of guilt, same being abundantly proven, and it was admitted by appellant that he not only forged the name of the payor to the check but after being informed that he would have to obtain an endorser thereon who would identify him, he retired and again forged another name as an endorser thereon, and that he knew such conduct was wrong when he did such. He offered testimony as to his good character, and now has but one complaint, and that is the refusal of the trial judge to grant him a suspended sentence. This was a matter within the discretion of the trial court, and in which we do not think he has abused his discretion.

The motion will therefore be overruled.